IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MARY LOUISE HAYNES,

      Movant,

v.

                                     Case No. 2:20-cv-00528
                                     Case No. 2:18-cr-00129-1

UNITED STATES OF AMERICA,

      Respondent.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court are Movant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 136), as well as her *pro se* letter to the Court received on April 1, 2022 (ECF No. 158), and her "Request for Motion 60(b)" (ECF No. 160), which are construed to be seeking additional relief under § 2255. This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

*I.    RELEVANT PROCEDURAL HISTORY*

A.    Defendant's criminal proceedings.

On September 26, 2018, Movant, Mary Louise Haynes (hereinafter "Defendant"), was named, along with a co-defendant, Jason Haddox ("Haddox"), in a two-count superseding indictment charging her with one count of aiding and abetting the distribution of five grams or more of methamphetamine (Count One), and one count of aiding and abetting the possession of fifty grams or more of methamphetamine with

intent to distribute (Count Two), both in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (ECF No. 32). Count One stemmed from a video-recorded controlled purchase in which Defendant sold a quantity of methamphetamine to a confidential informant on or about April 4, 2017. Count Two relates to certain quantities of methamphetamine located by law enforcement officers within a residence in South Charleston, West Virginia, where Defendant was also present, on or about April 7, 2017. During the relevant portions of her criminal proceedings, Defendant was represented by court-appointed counsel, Timothy J. LaFon ("LaFon").

On March 25, 2019, the United States of America ("the Government") filed an information pursuant to 21 U.S.C. § 851 alleging that Defendant had been previously convicted of a "serious drug felony" and, therefore, was subject to enhanced penalties upon conviction for either count of the superseding indictment. (ECF No. 79). Specifically, her prior conviction exposed her to a statutory mandatory minimum sentence of ten years and a maximum sentence of life in prison rather than five to forty years in prison. *See* 21 U.S.C. §§ 841(b)(1)(B).

On April 24, 2019, Defendant pled guilty, pursuant to a written plea agreement, to Count One of the superseding indictment. (ECF No. 97, 98). Defendant's plea agreement contained a stipulation of facts concerning her offense conduct. (ECF No. 98 at 10). It also acknowledged that Defendant had been previously convicted of a serious drug felony. (*Id.* at 2-3). The written plea agreement also contained waiver provisions by which Defendant waived the right to file a direct appeal unless her sentence exceeded the statutory maximum and further waived the right to file any collateral attack of her conviction and sentence other than a claim based upon ineffective assistance of counsel. (*Id.* at 6).

The Court conducted a thorough plea colloquy in accordance with Rule 11 of the Federal Rules of Criminal Procedure, including receiving Defendant's own factual basis for her guilty plea, the Government's proffer of evidence to support the essential elements of the crime set forth in the indictment, and Defendant's acknowledgement of the rights she was waiving and her satisfaction with LaFon's representation. (ECF No. 122, *passim*).

On August 14, 2019, Defendant appeared with LaFon before the Court for sentencing. During the sentencing hearing, Defendant pursued two objections to the findings in his Presentence Investigation Report ("PSR"), which were also asserted in a written sentencing memorandum. (ECF Nos. 101, 111). First, Defendant objected to the quantity of methamphetamine involved in Count Two of the superseding indictment being attributed to her as relevant conduct. (ECF No. 120 at 5). Second, she objected to relevant conduct being attributed to her from certain *Mirandized* statements that she made to law enforcement officers during the investigation of the case. (*Id.* at 8).

Prior to ruling upon these objections, the Court heard testimony from Detectives Kevin Allen and Jason Garbin regarding the circumstances surrounding the offense charged in Count Two as well as the *Mirandized* statements made by Defendant. This testimony addressed the discovery of Defendant and a quantity of methamphetamine in a residence located at 4202 River Avenue in South Charleston on April 7, 2017. No witnesses were called on behalf of Defendant. Following this testimony, and argument from counsel, the Court overruled both objections. (*Id.* at 45). LaFon also argued that the treatment of methamphetamine as "ice" under the United States Sentencing Guidelines created unwarranted sentencing disparities. (*Id.*)

The Court adopted the PSR and observed that the applicable statutory penalty for the crime of conviction included incarceration for a term of not less ten years and up to

life. (*Id.* at 47-48). Based upon the drug quantity of her offense and relevant conduct, Defendant's base offense level pursuant to section 2D1.1 of the United States Sentencing Guidelines ("U.S.S.G.") was determined to be 32 with a criminal history category of V. (*Id.* at 46, 51). Applying the full three-level reduction for acceptance of responsibility, her total offense level would have been 29, resulting in an advisory guideline range of 140-175 months.

However, based upon her two prior felony controlled substance convictions,[1] Defendant was found to be a career offender pursuant to U.S.S.G. §§ 4B1.1(a) and 4B1.2(b). (*Id.* at 49). Consequently, her base offense level was increased to 37 and her criminal history category was increased to VI. (*Id.*) Therefore, the applicable advisory guideline range was found to be 262-327 months. (*Id.*)

As set forth in Defendant's sentencing memorandum, LaFon argued for a downward variance based upon the remote nature of the two convictions forming the basis for the career offender enhancement, Defendant's struggles with methamphetamine addiction, her youth, the disparity in the treatment of "ice" versus methamphetamine mixture in the guidelines, and the avoidance of unwarranted sentencing disparities between Defendant and Haddox. (*Id.* at 53-54; ECF No. 101). After hearing statements from counsel and considering all the applicable sentencing factors set forth in 18 U.S.C. § 3553(a), the Court varied from the advisory guideline range and imposed a sentence of 144 months of imprisonment, followed by an eight-year term of supervised release, and payment of a $100 special assessment. (*Id.* at 61). A judgment to that effect was entered on August 15, 2019. (ECF No. 108). Defendant appealed her sentence to the United States

---

[1] Defendant has two prior West Virginia convictions for operating or attempting to operate a clandestine drug lab in violation of W.Va. Code §§ 60A-1-101(h) and 60A-4-401(a).

Court of Appeals for the Fourth Circuit, but the appeal was voluntarily dismissed on January 13, 2020.  (ECF Nos. 125, 126).

      B.     The instant § 2255 motion and subsequent filings.

On August 20, 2020, Defendant filed the instant motion under 28 U.S.C. § 2255, alleging various claims of ineffective assistance of counsel.  (ECF No. 135).  Specifically, in Ground Two she asserts that LaFon failed to properly investigate her case and that he provided ineffective assistance during her sentencing hearing by failing to provide proper support or argument concerning drug type, her career offender designation, and the overstatement of her criminal history.  (*Id.*)  She further contends that LaFon failed to call witnesses who would have established her minor role in the offense and the proper drug quantity. (*Id.*)[2]  On November 18, 2020, as ordered by the undersigned, LaFon filed an affidavit addressing Defendant's claims concerning his representation, which Defendant has not disputed.  (ECF No. 147).

On December 28, 2020, the Government filed a response to Defendant's § 2255 motion.  (ECF No. 149).  The response asserts that Defendant has not established that LaFon's conduct fell below an objective standard of reasonableness or that Defendant suffered undue prejudice therefrom.  (*Id.*)  Accordingly, the Government asserts that Defendant's § 2255 motion should be denied.  (*Id.*)

Defendant did not file a reply brief by the deadline given for the same.  However, on October 29, 2021, she filed a motion for appointment of counsel to seek a minor role reduction, which was denied by the Court on November 2, 2021.  (ECF Nos. 153, 154).  Then, on April 1, 2022, the Court received a letter from Defendant inquiring about a

---

[2] Ground One of Defendant's § 2255 motion also appears to challenge the assistance of her appellate counsel, John A. Carr ("Carr").  (ECF No. 136 at 4).  However, Defendant subsequently clarified that she did not intend to bring any claims about Carr's performance, and she abandoned that claim.  (ECF No. 142).

recent court decision holding that "attempt" convictions cannot be used as predicate controlled substance offenses for the career offender enhancement and seeking legal advice about whether that authority called into doubt the propriety of her career offender enhancement. (ECF No. 158).

On April 12, 2022, the Court issued a Memorandum Opinion construing Defendant's April 1, 2022 letter as a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) seeking relief based, at least in part, upon the United States Court of Appeals for the Fourth Circuit's decision in *United States v. Campbell*, 22 F.4th 438, 440 (4th Cir. 2022), which held that attempted controlled substance offenses are not proper predicates for career offender status. While the Court found that, after *Campbell*, Defendant's prior controlled substance offenses likely were not proper predicates for the career offender enhancement, it further concluded that they were nonetheless part of Defendant's extensive criminal history, which was proper for consideration under the § 3553(a) factors in determining an appropriate sentence.

Moreover, because the Court varied downward and sentenced Defendant within the guideline range applicable absent the career offender enhancement, the Court found that Defendant cannot demonstrate that the precedent in *Campbell* constitutes extraordinary and compelling circumstances or that the § 3553(a) factors support a sentence reduction. (*Id.* at 5-6). Nonetheless, due to the pending § 2255 motion, the Court left open the question of whether Defendant would be entitled to any relief on this basis under § 2255. (*Id.* at 1 n.1). Thus, the undersigned will address that issue herein.

Additionally, on April 14, 2022, Defendant filed a document titled "Request for Motion 60(b)" in which he again raises a challenge to his career offender enhancement based upon the Fourth Circuit's decision in *Campbell* and further asserts that the

disparity between sentences for quantities of "pure ice" versus "methamphetamine mixtures" is unfair and results in unnecessarily "harsh punishments." Thus, she claims that her sentence should be vacated and an "appropriate sentence be rendered." (ECF No. 160).

Defendant placed only her criminal case number on her motion. Nonetheless, Rule 60(b) is a rule of civil procedure permitting a court, under limited circumstances enumerated in the rule, to set aside a final civil judgment. *See* Fed. R. Civ. P. 60(b). While a civil action was opened to address Defendant's § 2255 motion, it is still pending before the court. Because no final judgment has been entered with respect to Defendant's § 2255 motion, there is no valid basis for a Rule 60(b) motion therein. However, the undersigned believes that the interests of justice require that these additional claims raised by Defendant be treated as proposed amendments to her pending § 2255 motion and that rulings thereon be proposed in conjunction with the claims previously asserted in her initial § 2255 motion. *See Fuller v. United States*, 815 F.3d 112, 113 (2d Cir. 2016) ("[T]he law allows every petitioner 'one full opportunity' for collateral review.") (Other citations omitted). Accordingly, the undersigned will also address these claims herein.

### III.    DISCUSSION

A.    Defendant has not demonstrated ineffective assistance of counsel.

The Supreme Court addressed the right to effective assistance of counsel as guaranteed by the Sixth Amendment in *Strickland v. Washington*, 466 U.S. 668 (1984), in which the Court adopted a two-pronged test. The first prong is competence; movant must show that the representation fell below an objective standard of reasonableness. *Id.* at 687-91. There is a strong presumption that the conduct of counsel was in the wide

range of what is considered reasonable professional assistance, and a reviewing court must be highly deferential in scrutinizing the performance of counsel. *Id*. at 688-89.

> In order to meet the first prong, movant must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . . [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Id*. at 690. This inquiry is directed at whether defense counsel's representation "amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Harrington v. Richter*, 562 U.S. 86, 105 (2011). "The question is whether counsel made errors so fundamental that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id*. at 88.

The second prong is prejudice; "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The court may determine the prejudice prong prior to considering the competency prong if it is easier to dispose of the claim on the ground of lack of prejudice. *Id*. at 697. Using this standard, the undersigned will address each of the claims of ineffective assistance of counsel asserted by Defendant.

Defendant first claims that LaFon "did absolutely no investigation of the facts surrounding the investigation and prosecution of her case." (ECF 136 at 5). However, she does not specify what LaFon should have done differently with respect to his investigation of the case. Moreover, at both her guilty plea and sentencing hearings,

Defendant indicated under oath that she was "fully satisfied" with LaFon's representation. (ECF 122 at 4; ECF No. 120 at 46).

The Government asserts that "'in the absence of extraordinary circumstances. . . allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false'" and "[r]eaffirmation of such statements at a later sentencing hearing has similar import."  (ECF No. 149 at 7) (quoting *United States v. Lemaster*, 403 F.3d 216, 221-22 (4th Cir. 2005).  LaFon's affidavit further refutes Defendant's allegation that his investigation was defective and asserts that the video evidence of the drug transaction serving as the basis for the offense in Count One "was perfectly clear."  (ECF 147 at ¶ 25).  Thus, the Government undisputedly contends that Defendant's conclusory allegations of an inadequate investigation are insufficient to meet either of the *Strickland* prongs to demonstrate ineffective assistance of counsel.  (ECF No. 149 at 7-8).

The Government further asserts that Defendant cannot meet either prong of *Strickland* as it relates to LaFon's advocacy during the sentencing hearing.  While LaFon did not specifically object to the applicability of the career offender designation, he successfully argued for a substantial downward variance based on several factors.  Such representation cannot be said to fall below an objective standard of reasonableness.  Additionally, as noted by the Government, Defendant's 144-month term of imprisonment wound up falling near the low end of the applicable guideline level without the career offender enhancement.  (ECF No. 149 at 10 and n.2).  Therefore, Defendant suffered no undue prejudice from the initial application of the career offender enhancement.

Moreover, because the guidelines used in Defendant's sentencing were advisory in nature, any defect in her guideline calculation, including the application of the career

9

offender enhancement, is not a "fundamental defect" cognizable under § 2255. *United States v. Foote*, 784 F.3d 931, 940 (4th Cir. 2015). Therefore, the Government properly asserts that Defendant cannot demonstrate the requisite prejudice under *Strickland* stemming from LaFon's decision not to challenge the advisory career offender enhancement. (ECF No. 149 at 9-10). Defendant has not disputed this reasoning.

The Government further asserts that the principles in *Foote* similarly foreclose Defendants assertions that LaFon failed to properly challenge the drug type and quantity and the alleged overstatement of her criminal history. As noted in the Government's undisputed response:

> Her counsel made argument at the sentencing hearing and in his sentencing memorandum regarding the remote nature of the defendant's criminal history, the unwarranted discrepancies resulting from the classification of "ice" under the guidelines, and various reasons why relevant conduct should not be attributed to her from her *Mirandized* statement or the River Avenue search warrant. The defendant does not indicate what "proper support or argument" should have been advanced on this front. She does not allege how the drugs should have been classified, or how her criminal history was "overstated." It also appears from a review of the PSR that the Court correctly determined the quantity and type of the drugs involved in calculating the relevant conduct, and correctly determined the applicable criminal history points based on the defendant's history. Consequently, it is difficult to determine what meritorious argument could have been made on these issues. Nonetheless, counsel's arguments were designed to achieve the very outcome that the defendant eventually received - a significant downward variance.

(*Id.* at 11).

The Government also contends that Defendant's claim that LaFon provided ineffective assistance because he failed to call witnesses at her sentencing hearing is likewise meritless because she does not identify what witnesses should have been called to establish her minor role in the offense or the proper drug quantity or what the testimony of such witnesses would have been, which is her burden of proof. (*Id.* at 11-12).

The Government further relies upon LaFon's affidavit indicating that, considering Defendant's stipulation to the type and purity of the drugs in her plea agreement, and the risk that Haddox could provide harmful testimony, he made the strategic decision not to call Haddox as a witness at sentencing. LaFon further indicates that he believed that his cross-examination of Detective Garbin sufficiently elicited testimony that tended to mitigate Defendant's role in the offense and her culpability for the quantity of drugs supporting Count Two of the superseding indictment. (ECF No. 98 at 10; ECF No. 147 at ¶¶ 43-44; ECF No. 149 at 12).

Consequently, the Government aptly contends that Defendant cannot demonstrate that LaFon's conduct fell below an objective standard of reasonableness or that she suffered undue prejudice as a result thereof. Accordingly, for the reasons set forth herein, the undersigned proposes that the presiding District Judge **FIND** that Defendant has not demonstrated that her counsel provided constitutionally ineffective assistance and she is not entitled to any relief under § 2255 based upon the claims in her pending motion.

B.    Defendant is not entitled to relief under § 2255 based upon the claims asserted in her additional filings.

Defendant's April 1, 2022 letter to the Court and her newly-filed "Request for Motion 60(b)" assert claims grounded in alleged sentencing errors and not ineffective assistance of counsel. Therefore, those claims are arguably barred by the collateral attack waiver contained in Defendant's written plea agreement and amendment of the § 2255 motion based thereon would be futile.

Nonetheless, even if Defendant's challenges to her career offender enhancement under *Campbell* and her argument concerning an unfair sentencing disparity based upon the pureness of the methamphetamine are treated as valid amendments to her § 2255

11

motion, she is not entitled to any relief on the merits of those claims.  Consequently, the undersigned does not believe that any further response from the Government is necessary and summary denial of these additional claims is appropriate.

As noted above, in *Campbell*, the Fourth Circuit determined that "attempt" offenses do not qualify as a "controlled substance offense" as defined in the career offender guideline (U.S.S.G § 4B1.2)[3] and because "the least culpable conduct criminalized by the West Virginia [controlled substance offense] statute [W.Va. Code §§ 60A-1-101(h); 60A-4-401(a)] is an attempt to deliver a controlled substance," such offenses could not support application of the career offender guideline.  22 F.4th at 441–42.  Therefore, the holding in *Campbell* appears to categorically exclude Defendant's two prior West Virginia controlled substance offenses as predicate offenses for the career offender enhancement.

Nonetheless, for the same reasons discussed above, the Fourth Circuit's decision in *Foote* forecloses relief under § 2255 on any advisory guideline errors that do not raise the Defendant's sentence above the statutory maximum because they do not constitute a fundamental defect that results in a miscarriage of justice.  Such is the case here.  Furthermore, because the Court ultimately varied downward from the career offender enhanced advisory guideline level, Defendant cannot establish that her sentence was prejudicially influenced by the career offender enhancement.

Likewise, Defendant's assertion in her "Rule 60(b) motion" that the sentencing disparity between "pure ice" and "methamphetamine mixtures" results in unfair and

___

[3] U.S.S.G. § 4B1.2(b) defines a controlled substance offense for purposes of this guideline as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

harsher punishments, Defendant again discounts the fact that the Court varied downward substantially in sentencing her, in part based upon such disparities. Therefore, she cannot demonstrate a fundamental defect or miscarriage of justice stemming from her sentence. Accordingly, Defendant has not established that her sentence was imposed in violation of the Constitution and laws of the United States and, therefore, she is not entitled to any relief under § 2255 on these bases.

### IV.    RECOMMENDATION

For all of the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 136), **DENY** her *pro se* letter seeking relief under *Campbell* (ECF No. 158), and her "Request for Motion 60(b)" (ECF No. 160), to the extent the same are treated as amendments to the § 2255 motion, and **DISMISS** this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on the opposing party and Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to Defendant, and to transmit a copy to counsel of record.

April 15, 2022

Dwane L. Tinsley
United States Magistrate Judge